| | |
|---|---|
| ADRIAN MELVIN, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>GREASE MONKEY INTERNATIONAL, LLC )<br>    Defendant. ) | Case No: 1:25-cv-00239 |

## MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO ALLEGED RETALIATORY ACTS OCCURRING AFTER THE ALLEGED RETALIATORY FAILURE TO PROMOTE AT ISSUE IN THIS MATTER

COMES NOW Grease Monkey International, LLC ("GMI"), by and through its attorneys of record, Colin Barnacle and Jay Cranmer of Greenspoon Marder LLP, and hereby moves this Court to preclude Plaintiff Adrian Melvin ("Mr. Melvin" or "Plaintiff") from presenting testimony or evidence regarding other retaliatory acts GMI allegedly committed long after the retaliatory failure to promote at issue. As good cause, therefore, GMI states as follows:

1. On April 14, 2026, Plaintiff filed his responses (Doc. 52) to GMI's objections to his exhibit list (Doc. 47). In those responses, Plaintiff notes in Section IV that:

> The evidence regarding plaintiff's transfer from Bainbridge, Georgia to Dothan, Alabama remains admissible as background evidence, motive and context. Fed. R. Evid. 404(b). Such retaliatory acts constitute relevant background evidence that provides context for understanding the employer's motive. *Id*.

> The February 2024 transfer is directly relevant to establishing Defendant's motive for the alleged retaliation, and the pattern of actions taken against Plaintiff. The transfer demonstrates Defendant's continued animus toward Plaintiff following the protected activity and provides essential context for understanding the causation and damages elements of Plaintiff's claim.

2. Based on this statement, it is clear Plaintiff is attempting an end-run around the Court's April 6, 2026 forced withdrawal of his "transfer back to Dothan" retaliation claim (the

"Transfer Back to Dothan"). As the Court is aware, Mr. Melvin withdrew his claim of retaliation based on his Transfer Back to Dothan at the Pretrial Conference due to his failure to disclose such a claim in his Complaint. The above excerpt from Plaintiff's responses reveals he is attempting to find a new way to introduce evidence related to his Transfer Back to Dothan retaliation claim.

3. Upon further analysis of Plaintiff's continued attempt to include evidence related to the previously withdrawn Transfer Back to Dothan retaliation claim, it is clear that Plaintiff's real motive for attempting to include this evidence and to now use the same as F.R.E. 404(b) evidence is to present to the jury an audio recording listed as Plaintiff's Exhibit 90.[1] This recording, allegedly between Plaintiff and James Bingham (Plaintiff's District Manager as of February 2024), memorializes a conversation whereby Plaintiff and Mr. Bingham, who based on this recording are clearly friends and on good terms, discuss Mr. Bingham's potential need to replace the then Center Manager at the Dothan Store. At the beginning of this conversation, Mr. Bingham advises Plaintiff that if it becomes necessary, it was his intention to move Plaintiff's Assistant Manager at the Bainbridge, Georgia store to Center Manager of that store, and to move Plaintiff to the Dothan, Alabama store to replace the Center Manager who is not "going to make it." Mr. Bingham then asks how Plaintiff feels about that plan. The Dothan, Alabama store was considerably closer to Plaintiff's residence, so he clearly thought Plaintiff would welcome such a move. When Plaintiff appears hesitant to agree with the plan, Mr. Bingham, in what can only be described as a joking and friendly manner, states, "Haha, you better watch it cause I'm a racist." Both

---

[1] GMI also objected to this audio recording in its objections to Plaintiff's exhibits, as it does not appear that this audio file was disclosed to GMI until March 28, 2026, well after the discovery cutoff. While Plaintiff responded that the file should be admissible as noted herein, he did not address whether the audio recording was disclosed on a timely basis.

Plaintiff and Mr. Bingham laugh, and Plaintiff does not react negatively. Plaintiff and Mr. Bingham continue their conversation. While it is clear after listening to Plaintiff's Exhibit 90 that this statement is nothing other than friendly banter without malicious intent, it appears that using this statement to confuse and inflame the jury is the reason for Plaintiff's repeated attempts to present evidence related to the Transfer Back to Dothan to the jury. It is also important to note that Mr. Bingham was not the subject of Plaintiff's "protected activity" (race discrimination complaint), therefore he does not have any retaliatory motive against Plaintiff.

4. As set forth in greater detail below, this claim and its related evidence, most specifically the recording listed as Plaintiff's Exhibit 90, (1) was not properly disclosed pursuant to F.R.C.P. 26, (2) is irrelevant to Plaintiff's sole remaining retaliation cause of action based on GMI's failure to promote Plaintiff to a District Manager in Training role, and (3) is not admissible pursuant to F.R.E. 404(b).

**Evidence regarding an undisclosed claim is inadmissible pursuant to F.R.C.P. 37(c)**

5. As noted, at the Pretrial Conference on April 6, 2026, the Court questioned Mr. Melvin's counsel about Mr. Melvin's previously undisclosed claim that GMI retaliated against him by transferring him back to GMI's Dothan, Alabama, store (the "Dothan Store"). After the Court's questioning, Mr. Melvin's counsel agreed that Plaintiff's retaliation claim based on his Transfer Back to Dothan had not been previously disclosed, and Plaintiff subsequently withdrew this claim.

6. Per the Court's order, Plaintiff then amended the Proposed Pretrial Order (adopted by the court on April 13, 2026 (Doc. 49)) to confirm that his only remaining claim is that GMI did not promote him to a District Manager in Training position in retaliation for his

February 20, 2023 "protected activity" (the "DMIT Retaliation Claim"). This alleged retaliatory failure to promote occurred in October 2023 and was allegedly committed by Eric Barr ("Mr. Barr"). Mr. Melvin has no other pending claims against GMI.

7. Pursuant to F.R.C.P. 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."

8. As the Court noted during its questioning of Mr. Melvin's counsel at the Pretrial Conference, Plaintiff failed to include in his Complaint or any other pleading any claim or other indication whatsoever that he considered the Transfer Back to Dothan retaliatory. As a result of this failure to disclose, GMI did not address this issue in discovery or pretrial preparations. Accordingly, admission of evidence regarding an undisclosed claim is prejudicial to GMI and cannot be considered harmless under F.R.C.P. 37(c).

9. As such, Plaintiff should not be permitted to introduce any testimony or evidence including, but not limited to, the audio recording listed as Plaintiff's Exhibit 90, regarding the Transfer Back to Dothan as an alleged retaliatory act pursuant to F.R.C.P. 37(c).

**Plaintiff's Transfer Back to Dothan is not relevant to the DMIT Retaliation Claim pursuant to F.R.E. 401**

10. Plaintiff's allegation of retaliation based on the Transfer Back to Dothan is irrelevant to the pending DMIT Retaliation Claim. Without any explanation or support, Plaintiff summarily pronounces that evidence related to the Transfer Back to Dothan is directly relevant to establishing motive and a pattern of action. This is not true. In fact, this is nothing more

than Plaintiff's attempt to litigate a claim he failed to disclose and to confuse and mislead the jury based on other unproven actions.

11. First, for evidence to be relevant, it must have "any tendency to make a fact more or less probable than it would be without the evidence." F.R.E. 401(a). That is not the case here.

12. In contrast to the pending DMIT Retaliation Claim, where Plaintiff alleges that GMI, by and through Eric Barr, retaliated against him by failing to promote him in October 2023, Plaintiff's Transfer Back to Dothan retaliation allegations are based on an entirely different act (transfer back to the Dothan Store) allegedly committed by a different individual (James Bingham) that occurred four (4) to five (5) months after the alleged failure to promote took place. It is also important to note that neither Eric Barr nor James Bingham were named as a part of Mr. Melvin's "protected activity" (race discrimination complaint). Neither have any retaliatory motive against Plaintiff. Additionally, Plaintiff admits that the Transfer Back to Dothan took place in February 2024 and was slated to be a temporary assignment before Plaintiff was transferred to the GMI facility of his choice.[2] The temporary reassignment to the Dothan Store does not even qualify as an adverse employment action.

13. Accordingly, other than the fact that Mr. Melvin worked for GMI at both times, there are no parallels between the pending DMIT Retaliation Claim and the previously undisclosed Transfer Back to Dothan retaliation allegations. Again, neither Eric Barr nor James Bingham were even subjects of Mr. Melvin's discrimination complaint. As such, there is nothing about the Transfer Back to Dothan retaliation allegations that provide any tendency

---

[2] In Paragraphs 31-32 of his Complaint, Plaintiff indicated that rather than being involuntarily transferred to the Dothan Store, he "returned" to the Dothan Store where he was tasked with terminating the Center Manager and Assistant Manager and that he would "be at the Dothan location for a matter of weeks before joining the Montgomery or Auburn teams as Center Manager."

to make any fact in the pending DMIT Retaliation Claim more or less true. As such, this evidence is irrelevant and should not be presented to the jury.

## Plaintiff's Transfer Back to Dothan evidence is inadmissible character evidence pursuant to F.R.E. 404(b)

14. F.R.E. 404(b) even more definitively precludes Plaintiff from admitting or presenting to the jury any evidence related to his February 2024 Transfer Back to Dothan including, but not limited to, testimony, physical exhibits, the audio recording listed as Plaintiff's Exhibit 90, and/or any other related evidence.

15. Under F.R.E. 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

16. However, "[t]o be admissible, 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403." *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

17. While it appears to GMI that Plaintiff's sole intention regarding this evidence is to improperly attempt to prove GMI's poor character in order to show action in conformity therewith, Plaintiff's assertions also fail to satisfy *any* of the requirements for admissibility under F.R.E. 404(b).

18. As noted above, "the first requirement is to show that the evidence is relevant to one of the enumerated issues and not to the Defendant's character." *Id*. As set forth above, these two alleged retaliatory episodes were more than four (4) months apart and involved vastly different alleged retaliatory actions and decision-makers. In fact, also as noted above, neither actor (Eric Barr and James Bingham) were even subjects of Mr. Melvin's race discrimination complaint and therefore had no motive to retaliate against Mr. Melvin in the first place. Other than attempting to impugn GMI's character – particularly with the audio recording listed as Plaintiff's Exhibit 90 – GMI can conceive of no argument in which the Transfer Back to Dothan evidence is relevant to Mr. Melvin's pending DMIT Retaliation Claim.

19. Next, "the [other] act must be proved sufficiently to permit a jury determination that the defendant committed the act." *Id*. Here, not only has the alleged retaliatory Transfer Back to Dothan not been sufficiently proven to permit a jury determination that the Plaintiff committed the alleged act, but no attempt to prove that allegation has ever been made. As the Court is aware, this retaliation theory was brand new as of the date of the Pretrial Conference. The claim was not included in Mr. Melvin's EEOC Charge of Discrimination, Complaint, and/or discovery responses. The bottom line is Plaintiff's Transfer Back to Dothan retaliation allegations have not been the subject of any litigation. Permitting Plaintiff to litigate the issue now – before a jury – would be highly prejudicial to GMI and exceedingly confusing to such a jury. Simply put, any attempt to admit this evidence as "other bad acts evidence" under F.R.E. 404(b) fails under this requirement.

20. Last, "the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403." *Id*. Again, Plaintiff fails to meet this

requirement. Here, the Transfer Back to Dothan allegation and evidence – particularly the highly inflammatory audio recording discussed above – will do nothing other than cause undue prejudice, confuse the issues, and/or mislead the jury in violation of F.R.E. 403. To be clear, the Transfer Back to Dothan retaliation theory was never disclosed as a part of this litigation, involves an entirely different set of alleged facts and actors, and occurred many months after the pending DMIT Retaliation Claim.

21. Admitting this evidence poses a high risk of unduly prejudicing GMI, as well as misleading and confusing the jury. Alternatively, the complete lack of parallels between the Transfer Back to Dothan theory and Plaintiff's pending DMIT Retaliation Claim means there is little, if any, probative value to help the jury make its decision. As such, the evidence's probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, and/or misleading the jury.

WHEREFORE, GMI requests this Court order that Plaintiff is precluded from presenting evidence regarding his February 2024 transfer back to the Dothan Store (both pre- and post-transfer) including, but not limited to, all testimony, the audio recording listed as Plaintiff's Exhibit 90, or other evidence related thereto.

Respectfully submitted this 20th day of April, 2026.

GREENSPOON MARDER LLP

_s/ Colin Barnacle_
Colin Barnacle
Jay Cranmer
1144 Fifteenth Street, Suite 2700
Denver, Colorado 80202
Colin.barnacle@gmlaw.com
Jay.cranmer@gmlaw.com
(720) 702-0904

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, I served the foregoing upon counsel for Plaintiff by email and a redacted copy through PACER/ECF, addressed as follows:

Eric Sheffer
Wiggins Childs Pantazis Fisher & Goldfarb LLC
301 19th Street North
Birmingham, Alabama 35203
Phone:  (205) 314-0500
Facsimile:  (205) 254-1500
E-Mail: esheffer@wigginschilds.com

*s/ Vanessa J. Quevedo*
Vanessa J. Quevedo