IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ADRIAN MELVIN,                               )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )          CASE NO. 1:25-cv-239-JTA
                                             )          (WO)
GREASE MONKEY                                )
INTERNATIONAL,                               )
                                             )
        Defendant.                           )

## ORDER

At the status conference held by telephone today, the Court addressed the parties'

recent failures[1] to comply with the Pretrial Order (Doc. No. 49). These failures are as

follows:

1.      The late arrival to the May 1, 2026 status conference[2] by Defense counsel.

        Defense counsel stated the tardiness was due to their assumption the

        conference had been continued, despite the absence of any Court order

        continuing the conference.

---

[1] The record reflects other failures to comply with Court orders. The parties are required to address only the failures listed in this order.

[2] The Pretrial Order set the May 1, 2026 status conference. (Doc. No. 49 at 10.)

2.      The unannounced decision by Plaintiff's counsel to depart the May 1, 2026 status conference after timely appearing. Plaintiff's counsel asserted he, too, assumed the status conference had been cancelled or continued.[3]

3.      Both parties' failure to comply with the Pretrial Order's requirement that they jointly prepare three evidence binders and submit the binders to chambers on or before April 27, 2026. (Doc. No. 49 at 9.)

4.      Both parties' failure "to file a Notice of Compliance with the Court providing the date the party completed automation training, or stating why such training is unnecessary, on or before April 27, 2026," as required by the Pretrial Order. (*Id.* at 10.)

The reasons counsel provided at the status conference for their failure to comply are insufficient to avoid imposition of sanctions. The Court did not issue any orders changing previously ordered deadlines, and the Court expected counsel to comply with the deadlines in its orders. As stated by the Court during the conference, all attorneys are expected to know they must comply with Court-ordered deadlines and attend all court proceedings absent an order extending those deadlines or continuing or cancelling the proceedings. *See* Fed. R. Civ. P. 6(b)(1); *see also* Doc. No. 49 at 11 ("All understandings, agreements, deadlines, and stipulations contained in this [Pretrial] Order shall be binding on all parties unless modified by the Court. Any objections or suggested corrections to this Order shall

---

[3] The decision of Plaintiff's counsel is particularly befuddling because the courtroom deputy was on the line, indicating a conference in progress. Plaintiff's counsel neither asked for clarification from the courtroom deputy nor announced his intent to depart before leaving the conference.

be filed no later than seven calendar days from the below date, after which this Order becomes final."). Furthermore, both parties' counsel contacted Court staff to inquire about whether Court-ordered deadlines were still in force, and Court staff expressly informed them that they were expected to comply with the relevant deadlines in the Court's orders.

Accordingly, it is ORDERED that, **on or before May 5**, the parties shall show cause why the Court should not sanction **counsel or the parties** for their failure to comply with the Pretrial Order.

DONE this 1st day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

3