IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-239-JTA |
| | ) | (WO) |
| GREASE MONKEY | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant Grease Monkey International, LLC's second motion for leave to present the testimony of Eric Barr by contemporaneous videoconference. (Doc. No. 89.) Defendant asserts the motion is opposed by Plaintiff. (*Id*.) The court denied Defendant's first motion seeking the same relief a month ago, on April 15, 2026. (Docs. No. 50, 58.) The information provided in Defendant's second motion does not alter the Court's decision.

First, Defendant has not shown good cause and compelling circumstances for remote trial testimony. *See* Fed. R. Civ. P. 43(a) ("For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."). Defendant makes no showing it was unable to reasonably foresee Eric Barr's unavailability prior to the close of

discovery.[1] Nor did Defendant depose Eric Barr, even though Defendant asserts he "is a central witness to both Plaintiff's failure to promote retaliation claim and GMI's defenses to the same."[2] (Doc. No. 89 at 2.) Though Defendant argues "the parties will be materially prejudiced" if the motion is not granted (Doc. No. 89 at 5), it seems such prejudice was invited by the parties due to their failure to depose Eric Barr during discovery.

Second, Defendant's proposed method of presenting remote testimony is not compatible with the technology available at the Dothan courthouse nor compliant with the Court's network safety protocols.

Accordingly, it is ORDERED that Defendant's second motion for leave to present the testimony of Eric Barr by contemporaneous videoconference (Doc. No. 89) is DENIED.

Defendant is ADVISED the Court will summarily deny additional motions seeking essentially the same relief.

DONE this 19th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances. Notice of a desire to transmit testimony from a different location should be given as soon as the reasons are known, to enable other parties to arrange a deposition, or to secure an advance ruling on transmission so as to know whether to prepare to be present with the witness while testifying." (emphasis added)).

[2] *See* Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses.").

2