IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-239-JTA |
| | ) | (WO) |
| GREASE MONKEY | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>ORDER</u>**

Before the Court is Defendant Grease Monkey International, LLC's Motion in Limine to Exclude Evidence Related to Alleged Retaliatory Acts Occurring After the Alleged Retaliatory Failure to Promote at Issue in this Matter. (Doc. No. 64.) In the motion, Defendant seeks exclusion of evidence of alleged retaliation associated with Plaintiff Adrian Melvin's February 2024 transfer to Defendant's Dothan, Alabama store. In particular, Defendant seeks exclusion of Plaintiff's Exhibit 90, which is an audio recording of a conversation between Plaintiff and James Bingham, one of Defendant's District Managers. The Court deems the motion unopposed, as Plaintiff did not respond to the motion.[1] For the reasons stated in the motion, and because Plaintiff does not oppose the

---

[1] Plaintiff's failure to respond violated the Pretrial Order. (*See* Doc. No. 49 at 9 ("Responses to motions in limine, with supporting briefs, <u>shall</u> be filed on or before April 27, 2026." (emphasis added).) The Court's conclusion that Plaintiff's failure to respond to the motion indicates his lack of opposition should come as no surprise to Plaintiff. (*See* Doc. No. 20 at 2, Section 6 ("**Responses to Motions.** The failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the Court shall indicate that there is no opposition to the motion."); Doc. No. 19 at 2, para. 10 ("Parties are REMINDED that failure to file a response to a motion within the time allowed by the court shall indicate that there is no opposition to the motion.").)

motion, the motion is due to be granted.

Accordingly, it is ORDERED as follows:

1.      Defendant's motion in limine (Doc. No. 64) is GRANTED.

2.      The following evidence shall be excluded at trial:

    a.      Plaintiff's Exhibit 90.

    b.      All evidence submitted by Plaintiff solely to establish that Plaintiff's

    February 2024 transfer to Dothan was a retaliatory act.

DONE this 26th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE