IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ADRIAN MELVIN,                          )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )      CASE NO. 1:25-cv-239-JTA
                                        )      (WO)
GREASE MONKEY                           )
INTERNATIONAL,                          )
                                        )
      Defendant.                        )

## **ORDER**

Before the Court is Plaintiff Adrian Melvin's Motion in Limine to Exclude Evidence and Argument Regarding the Purported Qualifications of Selected Candidates. (Doc. No. 71.) For the reasons stated below, the motion is due to be denied.

Plaintiff's sole remaining claim is a Title VII retaliation claim. Specifically, Plaintiff alleges that, because of his February 20, 2023 complaint of race discrimination, his former employer, Defendant Grease Monkey International, denied him promotion to two District Manager in Training ("DMIT") positions. (*See* Doc. No. 1 at 5–6; Doc. No. 49 at 2.) Pursuant to Rule 37(c)(1), Plaintiff seeks "an order limiting Defendant Grease Monkey International, LLC . . . from introducing speculative, undisclosed, or post hoc evidence regarding the qualifications of individuals selected for [DMIT] positions." (Doc. No. 71 at 1.) Plaintiff argues he is entitled to exclusion of the evidence because Defendant did not disclose it during discovery.

Plaintiff does not specifically identify what evidence he seeks to exclude. Nor does

he explain which discovery disclosures[1] were inadequate or attach copies of those disclosures in support of his motion. In sum, Plaintiff provides the Court no basis upon which to analyze whether Defendant disclosed the evidence in question, whether any nondisclosure was harmless or justified, whether exclusion is an appropriate sanction, or what evidence is due to be excluded. *See* Fed. R. Civ. P. 37(c)(1).

Consequently, the motion is due to be denied without prejudice to object to specific evidence within the context of the trial.[2] *See Jolibois v. Pub. Health Tr. of Miami-Dade Cnty.*, No. 23-cv-24442, 2025 WL 1101217, at *3 (S.D. Fla. Apr. 14, 2025) ("Motions in limine that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied." (citation modified; collecting cases)); *RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded . . . . Motions that fail to identify specific pieces of evidence may be better suited to be presented as objections at trial." (citation modified)); *Fisher v. Bofford*, No. 2:18-cv-

---

[1] Rule 37(c)(1) pertains to failure to make voluntary disclosures pursuant to Rule 26(a) and (e). However, because Plaintiff did not specify what discovery disclosures are at issue, the Court will not assume Plaintiff's motion pertains to deficient Rule 26(a) or (e) disclosures.

[2] Given the lack of discovery to which Plaintiff admitted at the pretrial conference, Plaintiff is ADVISED the Court will deem harmless any deficient Rule 26(a) or (e) disclosures that did not prevent Plaintiff from a fair opportunity for discovery. "The main purpose underlying the sanctions in Rule 37(c)(1) is to prevent surprise and prejudice to the opposing party." *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 382 (M.D. Fla. 2018). Such sanctions are not intended to reward a party who failed to confer in good faith with opposing counsel or use available discovery tools to address a known disclosure deficiency, but instead waited to surprise everyone else on the eve of trial with a Rule 37(c) motion.

446-WKW, 2020 WL 6324894, at *1 (M.D. Ala. Feb. 28, 2020).

Accordingly, it is ORDERED that Plaintiff's motion in limine (Doc. No. 71) is conditionally DENIED. This denial is without prejudice to object to introduction of specific evidence pursuant Rule 37(c)(1), if appropriate.

DONE this 26th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE