IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-239-JTA |
| | ) | (WO) |
| GREASE MONKEY | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court are Defendant Grease Monkey International, LLC's objections to Plaintiff Adrian Melvin's Trial Witness Disclosures. (Doc. No. 46.) The Court construes the objections as a motion in limine to exclude certain witnesses listed in Melvin's trial witness disclosures.[1] Also before the Court is Melvin's Response to Defendant's Objections to Plaintiff's Witness list. (Doc. No. 53.) The Court construes that response as containing a motion for leave to amend Melvin's witness list.

For the reasons stated below, Grease Monkey's motion in limine (Doc. No. 46) is due to be denied and Melvin's motion for leave to amend (Doc. No. 53) is due to be granted.

---

[1] *See* Fed. R. Civ. P. 26 advisory committee note to 1993 amendment ("The listing of a potential objection [to a final pretrial disclosure] does not constitute the making of that objection or require the court to rule on the objection; rather, it preserves the right of the party to make the objection when and as appropriate during trial. The court may, however, elect to treat the listing as a motion 'in limine' and rule upon the objections in advance of trial to the extent appropriate."). Treating Grease Monkey's objections as a motion in limine is appropriate to establish in advance of trial which witnesses Melvin will be allowed to call.

## I.    DISCUSSION

Grease Monkey objects to Melvin's disclosure of several witnesses to be called at trial because Melvin failed to list many of the witnesses in his initial disclosures as required by Fed. R. Civ. P. 26(a)(1)–(2). In response, Melvin requests the Court accept an amended witness list which adds no newly-identified witnesses and removes nearly all witnesses to which Grease Monkey objects. (Doc. No. 53-1.) Because Melvin's amended witness list provides Grease Monkey nearly all the relief it seeks without adding any new witnesses, Melvin's request that the Court accept his amended witness list is due to be granted. Therefore, Doc. No. 53-1 shall operate as Melvin's final trial witness list.

After allowing Melvin's amendment, all that remains of Grease Monkey's objections to his witness list pertains to two limited issues. First, Melvin intends to call Robert Handel[2] as a witness. (Doc. No. 53-1 at 2.) Grease Monkey argues that, pursuant to Fed. R. Civ. P. 37(c)(1),[3] the Court should bar Melvin from calling Handel as a witness because Melvin did not voluntarily list Handel in his initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)–(2). Melvin does not deny he failed to include Handel in his initial disclosures. However, Rule 37(c)(1) does not apply when a defect in an initial disclosure is harmless. Fed. R. Civ. P. 37(c)(1). As Melvin points out, "[t]he [a]dvisory [c]ommittee

---

[2] Handel is one of Grease Monkey's human resources personnel. (Doc. No. 38 at 2; Doc. No. 46 at 1.)

[3] Fed. R. Civ. P. 37(c)(1) provides that, among other potential sanctions, "[i]f a party fails to provide information . . . as required by Rule 26(a). . . , the party" may be prevented from "us[ing] that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."

notes to the 1993 amendments to Rule 37 state that late disclosures of a trial witness listed by the adverse party is an illustrative example of harmlessness."[4] (Doc. No. 53 at 2 (citations omitted).) Like Melvin, Grease Monkey listed Handel as a witness it will call at trial. (Doc. No. 36 at 1; Doc. No. 42 at 1.) Hence, Melvin's failure to identify Handel as a witness in his initial disclosures is harmless,[5] and Grease Monkey's objection is without merit.

Second, Grease Monkey objects to Melvin's disclosure that he intends to call "[a]ny and all witnesses needed for rebuttal," "[a]ny witnesses needed to provide a foundation," and "[a]ny and all witnesses listed by the defendant but not objected to by the plaintiff."[6] (Doc. No. 38 at 2; *see also* Doc. No. 53-1 at 3.) Grease Monkey argues:

---

[4] The advisory committee note states:

> Limiting the automatic sanction to violations "without substantial justification," coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties . . . .

Fed. R. Civ. P. 37 advisory committee note to 1993 amendment (emphasis added).

[5] As the Court previously advised Grease Monkey: "'The main purpose underlying the sanctions in Rule 37(c)(1) is to prevent surprise and prejudice to the opposing party,' *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 382 (M.D. Fla. 2018), not to reward a party who, knowing of [a deficient Rule 26(a) disclosure], waits to surprise everyone else on the eve of trial with a Rule 37(c) motion." (Doc. No. 94 at 3–4.) Because Handel is one of Grease Monkey's own primary witnesses, the Court is unconvinced by Grease Monkey's sudden onset of feigned surprise and its late invocation of the specter of prejudice. (*See* Doc. No. 46 at 3 ("[Melvin] did not list any of these potential witnesses in his Initial Disclosures and did not supplement his disclosures at any point during these proceedings. Consequently, [Grease Monkey] is blindsided by Plaintiff's listing of these individuals in his 'will call' and 'may call' disclosures.").)

[6] As to "witnesses listed by the defendant," Grease Monkey itself was the party obligated to disclose their names and requisite contact information in initial disclosures. Rule 26(a)(1)(A)(i). Grease Monkey can hardly claim prejudice under these circumstances.

3

> These generic, "catch-all" designations do not comply with Fed. R. Civ. P. 26(a)(3) or Section 9 of this Court's Scheduling Order. Generic listings such as these do not provide the required "name and telephone number of each witness." *See Thomas v. Old Town Dental Group, P.A.*, 300 F.R.D. 585, 588-589 (S.D. Florida 2014). [Grease Monkey] objects to any witness called on the basis of these incomplete descriptions.

(Doc. No. 46 at 7 (sic).)

Grease Monkey knows (or should know) its position is not "warranted by existing law." Fed. R. Civ. P. 11(b)(2.) First, by their express terms, neither Rule 26(a)(3) nor Section 9 of the Court's Scheduling Order require disclosure of witnesses who will be used solely for impeachment. Fed. R. Civ. P. 26(a)(3)(A) (requiring each party to disclose witnesses whose testimony the party "may present at trial other than solely for impeachment");[7] (Doc. No. 20 at 3 (excluding "witnesses to be used solely for impeachment purposes" from the required trial witness lists)); *see also* Fed. R. Civ. P. 37 advisory committee note to 1993 amendment ("As disclosure of evidence offered solely for impeachment purposes is not required under [Rule 26], [Rule 37(c)'s] preclusion sanction likewise does not apply to that evidence."). Second, *Thomas*, 300 F.R.D. at 588–89, concerned a discovery dispute that has nothing to do with whether "[g]eneric listings such as" Melvin's "provide the required 'name and telephone number of each witness'"[8]

---

[7] Similarly, by its express terms, Rule 26(a)(1)(A)(i) only requires disclosure of the names, addresses, and telephone numbers of witnesses "the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).

[8] Nor does *Thomas* include the exact phrase "name and telephone number of each witness," despite Grease Monkey's use of quotation marks. Nor does Rule 26 contain that exact phrase. *Thomas* notes that "Rule 26(a)(1)(A)(i) requires the disclosure of the 'name and, if known, the address and telephone number of each individual.'" *Thomas*, 300 F.R.D. at 588 (quoting Fed. R. Civ. P. 26(a)(1)(A)(i). Beyond merely quoting Rule 26(a)(1)(A)(i), *Thomas* is wholly inapposite to the situation at hand.

for purposes of Rules 26(a)(3)(A) and 37(c). Third, Grease Monkey included a nearly identical "generic list" in its own trial witness disclosures.[9] Because Grease Monkey's objection is unfounded, its motion in limine is due to be denied as to Melvin's so-called "generic listings."

## II. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Grease Monkey's motion in limine (Doc. No. 46) is DENIED.

2. Melvin's motion for leave to amend his witness list (Doc. No. 53) is GRANTED.

3. The Clerk of Court is DIRECTED to file Doc. No. 53-1 as Melvin's amended witness list.

Further, Grease Monkey's counsel are REMINDED of their obligations pursuant to Rule 11(b) of the Federal Rules of Civil Procedure and of the consequences for failing to meet those obligations. Fed. R. Civ. P. 11(c)(1). Reliance on artificial intelligence is no defense to violations of Rule 11.

DONE this 29th day of May, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

---

[9] (Doc. No. 36 at 1 (Grease Monkey's original Rule 26(a)(3)(A) witness disclosure listing "[a]ny witness needed to provide a foundation," "[a]ny witness necessary to rebut testimony," and "[a]ny witness listed by Plaintiff"); Doc. No. 42 at 1 (Grease Monkey's amended Rule 26(a)(3)(A) witness disclosure listing "[a]ny witness needed to provide a foundation," "[a]ny witness necessary to rebut testimony," and "[a]ny witness listed by Plaintiff.").)