IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN MELVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cv-239-JTA |
| | ) | |
| GREASE MONKEY | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

On June 5, 2026, the Court began the trial of Plaintiff's Title VII retaliation claim against his former employer, Defendant Grease Monkey International, Inc.[1] During the proceedings, Defendant moved to preclude Plaintiff from testifying because he did not disclose himself as a trial witness pursuant to Fed. R. Civ. P. 26(a)(3).[2] The Court denied that motion, but Defendant subsequently renewed the motion. For the reasons stated on the record at trial, the Court granted the renewed motion to a limited extent. The Court advised the parties a written opinion would issue. Here is the written opinion.

---

[1] Plaintiff's sole remaining claim at trial was a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3(a). Plaintiff alleged that, in retaliation for his February 20, 2023 complaint of race discrimination, Defendant refused to promote him to two district manager in training ("DMIT") positions for which he applied in October 2023. (Doc. No. 1; Doc. No. 49 at 2.)

[2] Rule 26(a)(3)(A)(i) states: "[A] party must provide to the other parties and promptly file . . . the name and, if not previously provided, the address and telephone number of each witness" it may present at trial, "separately identifying those [witnesses] the party expects to present and those it may call if the need arises." Plaintiff did not list himself as a witness in his pretrial witness list. (Docs. No. 38, 101.)

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that, among several alternative sanctions, "[i]f a party fails to provide information or identify a witness as required by [Fed. R. Civ. P. 26(a)], the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A trial court has "considerable discretion in determining whether exclusion is proper" pursuant to Rule 37(c)(1). *Henderson v. Ford Motor Co.*, 72 F.4th 1237, 1243 (11th Cir. 2023). In exercising that discretion, the trial court considers the following three factors:

> (1) the importance of the testimony [to be excluded]; (2) the reason for the [nondisclosing party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify.

*Bearint ex rel. Bearint v. Dorell Juv. Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (citing *Rogers v. Muscogee County School District*, 165 F.3d 812, 818 (11th Cir.1999)); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (confirming the applicability of the three-part test to late-disclosed trial witnesses); *Henderson*, 72 F.4th at 1243.

Here, the importance of Plaintiff's limited testimony outweighed the potential harm to Defendant.[3] Plaintiff's testimony was necessary to establish the elements of his claims, prove his damages, and counter Defendant's defenses. In fact, Plaintiff had no witnesses

---

[3] The second factor—Plaintiff's reason for delaying the disclosure—is of little relevance under the circumstances. Plaintiff admits the omission was not justified. Logically, at least in the absence of bad faith, this factor has little relevance to whether a late disclosure is harmless. *See* Fed. R. Civ. P. 37(c)(1) (providing for sanctions in the event of failure to identify a trial witness "unless the failure was substantially justified <u>or</u> is harmless" (emphasis added)).

other than himself.[4]

Allowing Plaintiff to testify would not unduly prejudice Defendant. It is apparent from the record that, until Defendant received Plaintiff's original witness list less than two weeks prior to the pretrial conference, Defendant conducted discovery and prepared for trial on the belief Plaintiff would testify. (*See* Doc. No. 105 at 4–5.) In fact, in its original pretrial witness list submitted on March 23, 2026, Defendant listed Plaintiff first among the witnesses it intended to call at trial. (Doc. No. 36 at 1.) In its March 31, 2026 amended pretrial witness list, Defendant listed Plaintiff first among witnesses "that may be called if the need arises."[5] (Doc. No. 42 at 1.) Hence, because Defendant had knowledge of Plaintiff's existence as a relevant witness and the significance of his testimony, it is hard to fathom how Defendant may be prejudiced by Plaintiff's failure to list himself as a trial

---

[4] On the first day of trial, in light of the pivotal nature of Defendant's renewed motion, the Court directed the parties to brief the motion after trial recessed for the day, but the Court declined to delay the trial to consider the issue. *See Henderson*, 72 F.4th at 1243 (noting "district courts have unquestionable authority to control their own dockets" (citation modified)). Therefore, the Court noted the renewed motion would be held in abeyance pending briefing and instructed Plaintiff to proceed by calling his other witnesses. In response, Plaintiff's counsel informed the Court he had no other witnesses present. The Court then informed the parties that, in the event it did not grant Defendant's motion, it would allow Plaintiff to proceed with his testimony following opening statements the next day. The Court did not allow Plaintiff to present his other witnesses as part of his case-in-chief on the second day because he was not prepared to call them when the Court directed him to do so on the first day, and the Court was not willing to unduly delay. Nonetheless, on the second day of trial, Plaintiff was able to cross-examine two of his listed witnesses: James Bingham and Robert Handel. There is no reason to conclude that, even if allowed to do so, Plaintiff could have presented any of his other witnesses, as his counsel had not subpoenaed any other witness or otherwise independently ensured their attendance. Moreover, had the Court not been inclined to consider allowing Plaintiff to testify after receiving briefs on the issue, the case would have been dismissed on the first day of trial for lack of any witnesses or evidence.

[5] On May 29, 2026, less than a week before trial was scheduled to begin, without leave of Court, Defendant provided a second amended witness list that omitted Plaintiff as a potential trial witness. (Doc. No. 103.)

witness. *See* Fed. R. Civ. P. 37 advisory committee notes to 1993 amendment ("Limiting the automatic sanction to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.* . . . the failure to list as a trial witness a person so listed by another party."); *see also Hearn v. McKay*, 603 F.3d 897, 903 (11th Cir. 2010) (noting the opposing party disclosed the witness in their pretrial stipulation, lessening the degree of surprise); *State Farm Mut. Auto. Ins. Co. v. Health and Wellness Servs, Inc.*, 2020 WL 509996 (S.D. Fla. Jan. 31, 2020).

Notwithstanding, as an alternative to exclusion of his testimony, Plaintiff proposed to limit his testimony to the following two topics: (1) the process by which he was interviewed for a DMIT position and (2) his damages. Defendant agreed to Plaintiff's proposal. Due to the agreement, the Court adopted Plaintiff's proposal and granted in part Defendant's renewed motion.

DONE this 9th day of June, 2026.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

4