IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN MELVIN,<br><br>Plaintiff,<br><br>v.<br><br>GREASE MONKEY INTERNATIONAL, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:25-cv-239-JTA<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

Before the Court[1] are Plaintiff Adrian Melvin's motion for judgment as a matter of law, motion for new trial, and motion for relief from judgment. (Doc. No. 114.) For the reasons stated below, the motions are due to be denied.

## I. JURISDICTION

The Court exercises jurisdiction over this action based on federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff's complaint asserts claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

## II. PROCEDURAL HISTORY

On March 27, 2025, Plaintiff filed this Title VII action against his former employer, Grease Monkey International, LLC. (Doc. No. 1 at 5–6.) Plaintiff asserts he complained to Defendant of race discrimination on February 20, 2023, and thereafter Defendant failed to

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 14.)

promote him on two occasions in retaliation for making the complaint.[2] (Doc. No. 49 at 2; Doc. No. 109-13.)

On June 3, 2026, the Court held a jury trial on Plaintiff's Title VII retaliation claim. On June 5, 2026, in a verdict consisting of special interrogatories, the jury rendered a verdict for Defendant on the sole ground that Plaintiff did not "engage in protected activity in good faith." (Doc. No. 108 at 1, 3.)

On June 9, 2026, the Court entered a final judgment in favor of Defendant. (Doc. No. 113.)

On July 6, 2026, Plaintiff, proceeding *pro se*,[3] filed a motion for judgment as a matter of law, a motion for new trial, and a motion for relief from judgment. (Doc. No. 114.) Defendant filed a response, and Plaintiff filed a reply. (Docs. No. 118, 121.)

On August 10, 2026, Plaintiff moved for leave to file exhibits in support of his postjudgment motions. (Doc. No. 122.) The Court granted the motion and allowed Plaintiff to file the exhibits, but afforded Defendant an opportunity to respond to the exhibits and the substantive arguments Plaintiff raised in the motion. (Doc. No. 123.) On August 24, 2026, Defendant filed a response. (Doc. No. 126.)

The postjudgment motions are ready for disposition.

## III. STANDARD OF REVIEW

### A. Motion for Judgment as a Matter of Law (Fed. R. Civ. P. 50(b))

---

[2] Plaintiff's two-count complaint contains a Title VII retaliation claim and a Title VII disparate treatment claim. (Doc. No. 1.) However, Plaintiff abandoned the disparate treatment claim prior to trial. (*See* Doc. No. 55 at 19.)

[3] Plaintiff's counsel withdrew on July 6, 2026. (Docs. No. 115, 116.)

Rule 50 of the Federal Rules of Civil Procedure provides a court may grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). Under Rule 50(a)(2), "[a] motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). "The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." *Id.*

"If the court does not grant [the Rule 50(a)] motion for judgment as a matter of law" prior to submitting the case to the jury, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). Within 28 days after the entry of judgment,[4] "the movant may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). In considering the Rule 50(b) motion, the court must not usurp the jury's role by reweighing the evidence. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). Instead, the court must deny the motion unless, viewing all the evidence and construing all inferences in the light most favorable to the nonmoving party, the court finds no reasonable juror could agree to the verdict. *Edwards v. Grubbs*, 179 F.4th 909, 929 (11th Cir. 2026); *Grimes v. Rott*, No. 20-10498, 2021 WL 4427748, at *2 (11th Cir. Sept. 27, 2021).

---

[4] If the postverdict motion for judgment as a matter of law addresses a jury issue that was not decided by the jury's verdict, the motion must be filed "no later than 28 days after the jury was discharged." Fed. R. Civ. P. 59(b).

B. Motion for New Trial (Fed. R. Civ. P. 59(a))

Rule 59(a)–(b) of the Federal Rules of Civil Procedure provides, within 28 days after entry of the judgment, any party may move for a new trial on grounds "that 'the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair.'" *McGinnis*, 817 F.3d at 1254 (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

"'Although a trial judge cannot weigh the evidence when confronted with a [Rule 50] motion [for judgment] notwithstanding the verdict,'" in determining whether the verdict is against the great weight of the evidence under Rule 59, the judge is "'free to weigh the evidence.'" *Id*. (quoting *Rabun v. Kimberly-Clark Corp*., 678 F.2d 1053, 1060 (11th Cir. 1982)). However, the court must not grant a new trial simply because, in weighing competing evidence, it would have reached a different verdict than the jury. *See Narcisse v. Ill. Cent. Gulf R. Co.*, 620 F.2d 544, 548 (5th Cir. 1980).[5] Instead, "the verdict must be found contrary to 'the great, and not merely the greater weight of the evidence.'" *Rabun*, 678 F.2d at 1060 (quoting *King v. Exxon Co., U.S.A*., 618 F.2d 1111, 1116 (5th Cir. 1980)). "'If the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion [is] properly granted.'" *Tidwell v. Carter Prods*., 135 F.3d 1422, 1425 (11th Cir. 1998) (quoting *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989)). "[I]f there is substantial evidence

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

. . . such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then [the] motion [is] due to be denied." *Id*. (quoting *Carter*, 870 F.2d at 581).

In determining whether to grant a new trial on grounds that "the trial was not fair," the court may grant the Rule 59 motion if denying it would result in a miscarriage of justice. *McGinnis*, 817 F.3d at 1254; *see id.* ("[U]nder Rule 59(a), a district court may, in its discretion, grant a new trial if in the court's opinion, the verdict . . . will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." (citation and alterations omitted)); *see*, *e.g.*, *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (affirming the grant of a new trial in "the interest of substantial justice" and to "vindicate" the court's authority because opposing counsel's improper closing argument violated a court order and "likely affected the jury's verdict" in a manner that prejudiced the movant's substantial rights).

C. Motion for Relief From Judgment (Fed. R. Civ. P. 60(b)(3))[6]

"Rule 60(b)(3) allows a court to grant relief from a final judgment if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Frederick v. Kirby Tankships, Inc*., 205 F.3d 1277, 1287 (11th Cir. 2000); *see also* Fed. R. Civ. P. 60(b)(3). "The moving party must also show that the [winning party's] conduct prevented the losing

[6] Rule 60 provides a mechanism for relief on several grounds, but, in this case, Plaintiff expressly seeks relief pursuant to Rule 60(b)(3). (Doc. No. 114 at 1 ("Plaintiff respectfully moves this Court for . . . a Motion for Relief from Judgment under Rule 60(b)(3)."); *id.* at 2 (setting out arguments for "RELIEF FROM JUDGMENT (RULE 60b3)" (sic)).)

party from fully and fairly presenting his case or defense." *Id.* In deciding a Rule 60(b)(3) motion, the court considers whether the judgment was "'unfairly obtained,'" not whether the jury's verdict is "'factually incorrect.'" *Campbell v. Advanced Core Concepts LLC*, No. 21-13182, 2022 WL 841581, at *3 (11th Cir. Mar. 22, 2022) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

## IV. DISCUSSION

A. Renewed Motion for Judgment as a Matter of Law (Rule 50(b))

Plaintiff argues the evidence presented at trial entitles him to judgment as a matter of law because his race discrimination complaint to his employer was based on a reasonable, good faith belief that he had been subjected to discrimination.[7] In support of his argument, Plaintiff states:

> 1. The bedrock of Plaintiff's protected activity is his February 20, 2023 corporate complaint ([Joint] Exhibit 3),[8] which explicitly documents that Plaintiff was not seeking a lawsuit, higher pay, or professional advancement, but was sincerely requesting an internal investigation into unlawful employment practices.
>
> 2. Defendant's primary corporate decision-maker and HR Operations Manager, Robert Handel, testified under oath to the jury that he did not believe Plaintiff's internal complaint was filed in good faith. This testimony directly misled the jury into returning a negative finding on Question 1 of the Verdict Form.

---

[7] "Under Title VII, it is well established that an employee need not prove the underlying claim of discrimination in order to establish a retaliation claim. Instead, an employee's opposition to the discrimination is protected if [he] can reasonably form a good faith belief that the alleged discrimination existed." *Taylor v. Runyon*, 175 F.3d 861, 869 (11th Cir. 1999) (citing *Tipton v. Canadian Imperial Bank of Com.*, 872 F.2d 1491, 1494 (11th Cir. 1989)).

[8] Joint Exhibit 3 is a February 20, 2023 email from Plaintiff to managerial employees, including Defendant's Regional Manager, Eric Barr. (Doc. No. 109-13.) In the email, Plaintiff alleged he was "dealing with discrimination and defamation of character by [his] District Boss Mr[.] Sean Cutlip Region 4." (*Id.* at 1.)

3. However, Mr. Handel's testimony was conclusively exposed as perjury on the witness stand when confronted with active trial exhibits. Plaintiff's [sic[9]] Exhibit 29 established that on February 21, 2023 — the very morning after the complaint was sent — Mr. Handel explicitly acknowledged the validity of the complaint in writing and launched a formal corporate Human Resources investigation via Anderson Bazile.

4. The total unreliability and bad faith of the defense's core trial narrative was further exposed through the cross-examination of District Manager James Bingham. Mr. Bingham repeatedly swore under oath to the jury that Plaintiff's continuous, intensive multi-state travel through Albany, Moultrie, and Marianna was strictly a benevolent "corporate training period." However, when confronted with the operational reality that the Marianna, Florida[,] location was entirely unstaffed and possessed only one single employee, Mr. Bingham's testimony collapsed. He was forced to radically alter his narrative mid-testimony, admitting that Plaintiff was actually sent to single-handedly manage the facility and handle day-to-day operations to save the center from collapsing. Because the Defendant's own corporate decision-makers and supervisors repeatedly engaged in demonstrable, record-contradicted misrepresentations on the witness stand to cover up retaliatory management practices, there was no legally sufficient evidentiary basis for the jury to credit the defense's assertions of bad faith.

(Doc. No. 114 at 2 (sic).)

Defendant argues, and the Court agrees, that Plaintiff's motion for judgment as a matter of law fails because his preverdict Rule 50(a) motions did not preserve his argument that he made his discrimination complaint in good faith. A postverdict Rule 50(b) motion

[9] Plaintiff appears to be referring to Joint Exhibit 29, not Plaintiff's Exhibit 29. Plaintiff's Exhibit 29 was not offered or admitted at trial. (*See* Doc. No. 109-3.) Joint Exhibit 29 includes February 21, 2023 emails between Barr and Robert Handel, Defendant's Director of Human Resources and Operational Support. (Doc. No. 109-39.) In the emails reflected in Joint Exhibit 29, Barr forwards Plaintiff's February 20, 2023 complaint to Handel, who responds simply: "[Plaintiff is] definitely unhappy. I'll need Anderson Bazile to look into this, but I will follow it as well. Will keep you posted." (*Id*. at 1.) In other words, from the February 21, 2023 emails, no reasonable juror could find Handel's email "acknowledged the validity of [Plaintiff's] complaint." (Doc. No. 114 at 2.) Instead, the email indicated an investigation would follow. (Doc. No. 109-39.)

for judgment as a matter of law merely renews a preverdict Rule 50(a) motion for judgment as a matter of law. *McGinnis*, 817 F.3d at 1260. "[T]hus[,] a district court can grant a Rule 50(b) motion 'only on grounds advanced in the preverdict [Rule 50(a)] motion'" or on "grounds that are []closely related[] to those raised in an initial [Rule 50(a)] motion." *Id.* at 1260–61 (quoting Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment).

At trial, Plaintiff did not seek judgment as a matter of law on grounds he had established a good-faith basis to complain of discrimination. (*See* Docs. No. 119, 120.) In fact, Plaintiff's counsel argued exactly the opposite: that the jury, <u>not the Court</u>, should determine whether Plaintiff had a good-faith belief the alleged discrimination occurred. Specifically, in response to Defendant's Rule 50(a) motion,[10] Plaintiff's counsel made the following argument:

> MR. SHEFFER: We feel certainly that the jury is entitled to decide, Your Honor, as the point has been raised today about [Plaintiff]'s reasonable, good-faith belief, at a minimum.
>
> And we would also move for a judgment as a — as a matter of law under 50(a) —[11]

---

[10] In its Rule 50(a) motion at the close of all the evidence, Defendant argued Plaintiff impermissibly relied solely on speculation to establish Defendant's retaliatory motive for refusing to promote him. (Doc. No. 120 at 1–3.) Plaintiff's response to that argument — that he had a good faith belief for making his discrimination complaint — was inapposite to Defendant's argument. (*Id*. at 3–4; *see id.* at 5 (Defendant's rebuttal to Plaintiff's argument: "Whether it's a good-faith belief or not is not the basis for our argument for this particular motion. Our basis for the argument is that there is no evidence of retaliation.").)

[11] Plaintiff's Rule 50(a) argument at the close of all the evidence was as follows:

> Yeah, we would also move under 50(a). I know there's — there is — defense has stated that the burden is on the plaintiff to — to show the qualifications of those — of those selected candidates. You know, at the end of the day, without the decisionmaker here testifying live at trial to provide those reasons, we feel like their

> THE COURT: Wait one second. I can only handle one motion at a time. Defense has made theirs. I want to hear your response.
>
> MR. SHEFFER: Sure. Yes, Your Honor.
>
> We — we believe that . . . that the jury definitely would need to decide that — you know, if [Plaintiff] had a reasonable good-faith belief in making his complaint, particularly given the fact that, you know, we have — you know, on the record there was really nothing quantifying the selected candidate's qualifications for the position as well. We feel that those are questions for a jury to decide.

(Doc. No. 120 at 4–5.)

In sum, because Plaintiff did not advance his reasonable good-faith belief argument in his Rule 50(a) motion at trial, the Court cannot grant his Rule 50(b) motion.

B. Motion For a New Trial (Rule 59)

Generously construing Plaintiff's arguments,[12] he contends a combination of his counsel's incompetence and Defendant's misconduct resulted in a miscarriage of justice warranting a new trial. (Doc. No. 114 at 2-5.) Specifically, he argues "a new trial or relief from judgment must be granted" because the following alleged "severe procedural irregularities, defense misconduct, and . . . underperformance of Plaintiff's counsel fundamentally corrupted the truth-seeking function of the trial:"

1. Handel allegedly perjured himself during his testimony by relying on a

---

> burden is not met. And for that reason, we would also make the same motion.

(Doc. No. 120 at 6.)

[12] Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefits of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics removed), *overruled on other grounds by Iqbal*, 556 U.S. 662.

corporate policy[13] that "was not introduced company-wide" until after Plaintiff complained of discriminatory failure to promote. Plaintiff contends his attorney allegedly failed to impeach Handel with available evidence, despite Plaintiff's urging.

2. Plaintiff's counsel failed to oppose Defendant's motion in limine seeking to exclude an audio recording of a December 2023 conversation between Plaintiff and District Manager James Bingham.[14] (*See* Docs. No. 64, 96.) In the conversation, Plaintiff indicated he did not want to be transferred to Defendant's store in Dothan, Alabama, and Bingham allegedly replied: "You better watch it because I'm a racist." (*See* Doc. No. 122-1 at 2.) The Court granted Defendant's motion in limine "[f]or the reasons stated in the motion, and because Plaintiff does not oppose the motion." (Doc. No. 96 at 1–2.)

3. Defendant allegedly "rel[ied] on artificial intelligence [("AI")] to generate fabricated case law and fraudulent quotations" in a motion in limine, which the Court denied.[15] Nevertheless, Plaintiff argues his "counsel entirely failed to capitalize on this ethical breach or file for sanctions, leaving the structural integrity of the proceedings completely undefended."

---

[13] According to Plaintiff, Handel testified Plaintiff failed to follow corporate policy by submitting his February 2023 discrimination report using a corporate hotline. Plaintiff contends the hotline did not become available "company-wide" until August 2023, but his counsel failed to impeach Handel using available evidence, including a defense exhibit consisting of a 2021 corporate handbook that made no mention of the hotline. (Doc. No. 114 at 2–3 (setting forth Plaintiff's argument and stating: "Plaintiff explicitly notified trial counsel of this handbook contradiction via written notes at the trial table, yet counsel completely failed to utilize the handbook exhibit to cross-examine or impeach the witness, allowing false corporate timelines to stand uncontradicted before the jury.").)

[14] In support of his postjudgment motions, Plaintiff submitted what purports to be a transcript of the recorded conversation between himself and Bingham, as well as an audio recording of the conversation. (Doc. No. 122-1.) Those items were not offered or admitted into evidence at trial. Defendant contends the Court should not consider the recording or its transcript in deciding the postjudgment motions. (Doc. No. 126 at 1–7.) The Court will not consider whether the conversation between Plaintiff and Bingham constitutes an independent basis for a new trial, and Plaintiff does not raise that argument. Instead, the Court notes the recording's alleged contents solely for the purpose of describing Plaintiff's argument that his counsel's representation was insufficient with respect to the exclusion of the evidence.

[15] The Court denied Defendant's motion in limine on the merits. (Doc. No. 100.) In so doing, the Court noted Defendant's counsel "kn[ew] (or should [have] know[n])" the motion was "not 'warranted by existing law.'" (*Id.* at 4 (quoting Fed. R. Civ. P. 11(b)(2)). Though the Court reminded Defendant's counsel of their Rule 11(b) obligations and warned "[r]eliance on artificial intelligence is no defense to violations of Rule 11," the Court made no finding that counsel improperly used AI in drafting the motion. (*Id.* at 5.)

4. The Court granted a motion in limine to exclude Plaintiff's medical records to the extent the records were introduced to prove Plaintiff's damages or a causal relationship between his damages and Defendant's actions. (Doc. No. 95 at 2.) One of several grounds stated for granting the motion was the lack of opposition by Plaintiff.[16] At trial, Plaintiff's counsel made no attempt to introduce the medical evidence, despite an alleged comment in Defendant's closing argument that Plaintiff contends "opened the door" for introduction of the records.

5. Plaintiff's counsel failed to allege a retaliatory transfer claim in the complaint. A partner at the firm of Plaintiff's counsel explained the refusal to litigate the claim and threatened withdrawal if Plaintiff refused to abandon it. Plaintiff then immediately emailed his counsel a "counter-instruction — stating explicitly that he did not authorize [the firm's] withdrawal and would not consent to abandoning his [retaliatory transfer] claim[]," but "counsel overrode the instruction." Instead, counsel explained Eleventh Circuit law did not support the claim due to lack of an adverse employment action.[17] Counsel then made a "high-pressure demand" less than a week before the trial, allegedly "to force a deficient settlement of $ 45,000.00 to mask [the firm's] procedural defaults."

6. Because Plaintiff's counsel failed to subpoena "key defense witnesses"[18] or "include Plaintiff's name on the pretrial witness list,"[19] Defendant

[16] The Court granted Defendant's motion to exclude medical evidence because Plaintiff did not oppose it, because Plaintiff's damages calculation was not based on medical evidence, and "for the reasons stated in the motion." (Doc. No. 95.) In granting the motion, the Court also excluded "[m]edical evidence that requires expert testimony pursuant to Fed. R. Evid. 702." (Doc. No. 95 at 2.)

[17] Nevertheless, in a proposed pretrial order and at the pretrial conference, Plaintiff's counsel unsuccessfully attempted to revive the retaliatory transfer claim. (*See* Doc. No. 55 at 15–19.)

[18] Specifically, Plaintiff complains his counsel "failed to subpoena" Barr, "Defendant's primary promotional decision-maker," allowing Barr "to completely evade live cross-examination." (Doc. No. 114 at 4.) It is undisputed Barr resides beyond the jurisdictional limits of the Court's subpoena power. (*See* Doc. No. 50.) Barr and both parties were amenable to presenting Barr's testimony via live video feed, and Defendant twice moved for permission to allow Barr to testify remotely. (*Id.*; Doc. No. 89.) Among other reasons, the Court denied Defendant's motions "[d]ue to the lack of resources necessary to accommodate remote witness testimony at the federal courthouse in Dothan, Alabama." (Doc. No. 58; *see also* Doc. No. 91 at 2.)

[19] Plaintiff testified at trial. In a memorandum opinion entered June 9, 2026, the Court explained its reasoning for allowing Plaintiff to testify despite his omission from the parties' witness lists. (Doc. No. 112.) That ruling will not be rehashed here.

unsuccessfully moved for dismissal for failure to prosecute.

(Doc. No. 114 at 2–4.)

Plaintiff is not entitled to a new trial based on Defendant's alleged misconduct. Errors that do not substantially affect a party's rights cannot justify a new trial. *See* Fed. R. Civ. P. 61;[20] *see also* 11 Wright & Miller's Federal Practice & Procedure § 2809 (3d ed).[21] Plaintiff has not demonstrated any of Defendant's alleged misconduct substantially affected the jury's single finding that he did not "engag[e] in protected activity in good faith."[22]

---

[20] Rule 61 provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence — or any other error by the court or a party — is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61.

[21] Section 2809 of Wright & Miller's Federal Practice and Procedure states:

> If a verdict has been unfairly influenced by the misconduct of counsel, a new trial should be granted [pursuant to Rule 59]. . . . Most motions for a new trial on this ground are denied, however. This is because the conduct complained of, under the circumstances, was not misconduct, because it was not prejudicial, because it was not objected to, or because any prejudice was cured by the instructions of the court.

(Emphasis added.)

[22] The jury's verdict could be interpreted as a finding that Plaintiff "did not engage in protected conduct" or he did not do so "in good faith." (Doc. No. 108 (verdict form stating, "Do you find by a preponderance of the evidence . . . [t]hat Adrian Melvin engaged in protected activity in good faith? Answer Yes or No," followed by the jury's answer: "NO").) In his postjudgment motions, Plaintiff appears to interpret the verdict as a finding that he lacked a good-faith basis for his protected activity, and he structures his arguments accordingly. (*See* Doc. No. 114 at 2 ("No reasonable jury could have found that Plaintiff lacked good faith based on the active trial record . . . .").) However, the Court notes Plaintiff has not established any causal relationship between the alleged defense misconduct and his purported jury finding that he did not engage in protected activity at all. Nor does Plaintiff demonstrate his own counsel's alleged failings could have adversely affected a jury's assessment of whether he engaged in protected activity.

(Doc. No. 108 at 1.) In particular, Plaintiff has not shown Handel's reliance on the wrong handbook was relevant to the reasonableness of Plaintiff's belief he had experienced discrimination. Furthermore, the remainder of Defendant's alleged misconduct occurred in the course of making motions the Court denied. In other words, Plaintiff fails to show Defendant's alleged misconduct contributed to a miscarriage of justice or otherwise substantially affected his rights. Consequently, Defense counsel's alleged misconduct does not entitle Plaintiff to a new trial. *See* Fed. R. Civ. P. 61; *see also Richardson v. Bombardier, Inc*., No. 8:03-cv-539-T-31-MSS, 2005 WL 3087864, at *6 (M.D. Fla. Nov. 16, 2005) ("The issue to be determined on a motion for new trial is whether, assuming the matter in question was erroneous, the complaining party actually suffered harm as a result." (citing *Martin v. Travelers Indem. Co*., 450 F.2d 542, 556 (5th Cir. 1971)), *aff'd sub nom. Ferguson v. Bombardier Servs. Corp*., 244 F. App'x 944 (11th Cir. 2007)).

With one potential exception, neither has Plaintiff shown any relationship between his own counsel's alleged ineffective advocacy and the jury's finding that Plaintiff did not engage in protected activity in good faith. As for that one potential[23] exception, Plaintiff alleges his counsel's underperformance prevented the jury from hearing the recorded December 2023 telephone call in which Bingham stated, "You better watch it because I'm a racist." (Doc. No. 122-1 at 2.) Even so, counsel's alleged ineffectiveness in advocating for admission of the recording cannot justify a new trial. *See Mekdeci v. Merrell Nat.*

[23] The Court makes no finding as to whether Bingham's comments in a December 2023 telephone call in fact had any bearing on whether Plaintiff had a reasonable, good-faith basis for making a discrimination complaint months earlier in February 2023.

*Lab'ys*, 711 F.2d 1510, 1522 (11th Cir. 1983) ("'[A] party . . . does not have any right to a new trial in a civil suit because of inadequate counsel, but has as its remedy a suit against the attorney for malpractice.'" (quoting *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1981)); *King v. City of Mobile*, No. 22-11952, 2023 WL 5566258, at *2 (11th Cir. Aug. 29, 2023) (rejecting a plaintiff's argument that he was entitled to a new trial based on his "counsel's failure to procure [his] witnesses and medical records, which forced him to try his case without critical evidence").

Accordingly, Plaintiff has not shown any conduct by counsel or a witness caused a miscarriage of justice which warrants a new trial under Rule 59 of the Federal Rules of Civil Procedure.

C. Motion for Relief From Judgment (Rule 60(b)(3))

Based on the same alleged defense misconduct underlying his Rule 59 argument for a new trial, Plaintiff also seeks relief from judgment pursuant to Rule 60(b)(3). (Doc. No. 114 at 1–2 (sic).)

Rule 60(b)(3) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party.

Fed. R. Civ. P. 60(b)(3). "To get relief under Rule 60(b)(3), 'the moving party must prove by clear and convincing evidence that the adverse party <u>obtained the verdict</u> through fraud, misrepresentations, or other misconduct.'" *Jenkins v. Anton*, 922 F.3d 1257, 1270 (11th Cir. 2019) (quoting *Waddell v. Hendry Cty. Sheriff's Off.*, 329 F.3d 1300, 1309 (11th Cir. 2003))

(emphasis added). In addition, the moving party must demonstrate the misconduct prevented him from fully presenting his case. *Id*.

As previously explained, Plaintiff has not shown the alleged fraud, misrepresentation, or misconduct of Defendant's witness or its counsel adversely affected the jury's verdict.[24] Nor has Plaintiff demonstrated Defendant's alleged misconduct prevented him from fully and fairly presenting his case. Except for Handel's alleged perjury, Defendant's alleged misconduct related to motions that did not adversely affect the trial proceedings because the Court denied the motions. Moreover, Plaintiff does not contend Handel's alleged perjury was relevant to whether he engaged in protected conduct or the validity of his own reasons for doing so.[25]

Consequently, Plaintiff has not shown Defendant obtained an adverse verdict by fraud, misrepresentation, or misconduct, nor has he shown Defendant's alleged misconduct deprived him of a full and fair opportunity to present his case.[26] Therefore, Plaintiff has not met his burden to establish a right to relief from judgment under Rule 60(b)(3).

---

[24] Because Plaintiff has not established Defendant's alleged improper conduct adversely affected the jury's verdict, the Court will pretermit discussion of whether any of that conduct constitutes "fraud, misrepresentation, or misconduct" within the meaning of Rule 60(b)(3).

[25] Neither does Plaintiff contend the alleged perjury prevented him from presenting impeachment evidence. Instead, Plaintiff argues he

> explicitly notified [his own] trial counsel of this handbook contradiction via written notes at the trial table, yet [his own] counsel completely failed to utilize the handbook exhibit to cross-examine or impeach the witness, allowing false corporate timelines to stand uncontradicted before the jury.

(Doc. No. 114 at 3 (emphasis added).)

[26] To the extent Plaintiff contends his own counsel deprived him of a full and fair opportunity to present his case, that argument does not entitle him to relief from judgment because Plaintiff's counsel is not "an opposing party." Fed. R. Civ. P. 60(b)(3).

## V. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiff Adrian Melvin's motion for judgment as a matter of law (Doc. No. 114) is DENIED.

2. Plaintiff's motion for new trial (Doc. No. 114) is DENIED.

3. Plaintiff's motion for relief from judgment (Doc. No. 114) is DENIED.

DONE this 4th day of September, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE